Filed 9/19/16  P. v. Dellinger CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>              v.<br><br>JOHN L. DELLINGER,<br><br>        Defendant and Appellant. | F071774<br><br>(Super. Ct. No. CRF30107)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Kane, Acting P.J., Detjen, J. and Smith, J.

Defendant John L. Dellinger contends on appeal that (1) the trial court erred by increasing his restitution and parole revocation fines, and (2) the abstract of judgment does not reflect the oral pronouncement of judgment. The People concede and we agree. We order the errors corrected and affirm as modified.

## PROCEDURAL SUMMARY

On September 1, 2009, defendant pled guilty to two counts of inflicting corporal injury upon a former cohabitant (Pen. Code, § 273.5, subd. (a))[1] and one count of false imprisonment by violence (§ 236). He admitted he was on bail when he committed two of the counts (§ 12022.1).

On September 28, 2009, the trial court suspended imposition of sentence and granted defendant five years' probation. The court also ordered defendant to pay a $1,000 restitution fine (§ 1202.4, subd. (b)) and a matching suspended $1,000 probation revocation fine (§ 1202.44), as recommended by the probation officer's report.

On December 20, 2013, defendant admitted violating probation.

On June 3, 2015, at the sentencing hearing, the trial court denied reinstatement of probation and sentenced defendant to four years eight months in prison. The court also ordered defendant to pay a $1,200 restitution fine (§ 1202.4, subd. (b)) and a matching suspended $1,200 parole revocation fine (§ 1202.45). In addition, the court awarded custody credits of 379 actual days and 379 conduct days for a total of 758 days.

On June 9, 2015, the trial court modified the custody credits to 385 actual days and 385 conduct days, for a total of 770 days.

On June 11, 2015, the abstract of judgment was filed. It reflects the $1,200 fines and custody credits of 379 actual days and 379 conduct days, for a total of 758 days.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2

## DISCUSSION

The parties agree that the trial court originally imposed restitution and probation revocation fines of $1,000, and that the court improperly changed those fines to $1,200. We agree that the trial court erred when it imposed the second restitution fine of $1,200 (§ 1202.4) and the suspended $1,200 parole revocation restitution fine (§ 1202.45). "The section 1202.4 restitution fine may only be imposed once at the time the court pronounces judgment and the court may not increase the restitution fine when revoking probation. [Citation.] The court may not impose a second restitution fine after probation has been revoked because the original fine survives the revocation of probation." (*People v. Rios* (2013) 222 Cal.App.4th 542, 576.) The parole revocation restitution fine must also be reduced to $1,000 because it must be "in the same amount" as the section 1202.4 fine. (*Ibid.*; § 1202.45.)

The parties further agree that the abstract does not correctly reflect the custody credits awarded by the court.

## DISPOSITION

The trial court is directed to issue an amended minute order, stating that the restitution and parole revocation fines pursuant to section 1202.4, subdivision (b) and section 1202.45 are in the amount of $1,000 (not $1,200), and to amend the abstract of judgment to reflect those amounts. The trial court is also directed to amend the abstract to reflect custody credits of 385 actual days and 385 conduct days for a total of 770 days, and to forward a certified copy to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.